Melissa Baldwin on behalf of the appellant Mr. Ramirez Avila we are asking this court to vacate Mr. Avila's sentence as procedurally unreasonable because the district court erred in finding 2g 2.2's cross-reference was satisfied by the defendant offering money for specific conduct may I ask you a question about a procedural issue in this case so it's tricky because of course the PSR is sealed and I understand why that is it strikes me that the critical paragraph in the PSR is paragraph 20 on page 19 219 of this of the sealed ja sorry paragraph 20 on page 219 and again I know it's sealed so I'm going to not quote it but when you get when you find it could you go to the second to last sentence of paragraph 20 oh sure your honor okay well sorry the summary of the minors interview with the FBI agent and I I'm now looking this is just so we're clear we're all talking about I'm looking at j147 where you object to the PSR correct okay and I see paragraphs 15 through 20 and you I I read that sentence and I'm not gonna read it out loud but the sentence you say the evidence indicates some things let's pause it for the sake of argument that sentence that you say is true right I don't see how that sentence actually takes issue with the truth of the second-to-last statement in paragraph 20 right you said when it's more in the nature of there's some additional facts that the court might like to know but I don't see you saying we object that the penultimate sentence of paragraph 20 is not true is that right I'd agree with that but I disagree with the the notion that it's a penultimate statement or no no I'm just trying to do it I mean I mean the second-to-last sentence I this is the scent I'm just trying to direct your attention to the sentence I understand okay and so okay so the sentence here is recounting something that a victim said to someone right okay and said and this I've checked is quoted in unsealed parts of the record said that he made and sent that is quoted in unsealed portions of the briefs and you didn't object to the factual truthfulness of the statement that the victim told the person who interviewed the victim that he made and sent right you didn't object to the truthfulness of that representation did you correct but I don't think that statement supports the cross-reference in and of itself okay so let me ask you in the context one question so I thought you could you could be doing two things you could be saying that statement is not true or you could be challenging the implications of that statement for purposes of this question just for you're not giving anything away for purposes of this question assume that that statement is true again you're not conceding by positing my question is true but assuming for the sake of argument that that statement is true why doesn't made and sent made and sent not sent made and sent why wouldn't that establish causation if he made and sent because I think it assumes facts that aren't it contained in that statement and are disproven by other facts in the record so for example if I if I say I made a painting and I made the painting on Monday and hey John Doe offered me $20 on Tuesday and I sent it to him that would still that would be correct in saying I both made the painting and provided it when offered $20 but it doesn't show that I painted that painting before the offer was even made and so that's well hold on conceivably it does but now I'm gonna have to I don't know how to ask this question without going a little farther in the sentence it says made and sent these requested videos doesn't made and sent these requested videos very strongly imply that the making was after the request was made this is not a direct quote from that interview it is a summarization and again I think that's inserting facts that are not only not in the record but the evidence shows that it actually is more likely not to be the case so why don't you why don't your objections say literally any of the words you just said I mean I I construe the objections as saying that I mean we point to the specific paragraphs we take issue with and point to additional evidence to rebut any suggestion or implication that those paragraphs might have at the notion mr. Avila created or excuse me caused the creation of the video but this is the part where I actually am very empathetic to the district court seeming confusion because when I read this the transfer the sentencing transcript was just make the sending to Christ was not sealed right okay so the district court at the sentencing transcript says you're saying and the court says this on the record I'm pretty sure you're saying this victim made and sent other videos to other people and the district court I genuinely think the district court was confused because the district court judge says like I don't understand why that's relevant the fact that there were other victims of other crimes doesn't have anything to do with whether your client committed this crime in this way like like like because there were parts of the argument I think the district court interpreted is like the victim was asking for it because he was doing this with other people and the district court says with all due respect that's not a defense no we're not saying that's not a defense but the government's you know the government offered to you know bases for this cross-reference and one that was mr. cause the creation of the video which directly goes to the idea if these minors were creating other videos as we know they were for money then there is a causation problem here and there's a proof problem here and the fact the government itself acknowledged that because it said hey listen we get it if the district court you know finds we presented insufficient evidence to prove causation you should still apply the cross-reference because we think an attempt to violate 2251 a satisfies the cross-reference so the fact the government itself is acknowledging you know our evidence might not be as close as it says and even the government's response on appeal they don't make any effort to contextualize the other evidence they point specifically again to paragraphs in the psr that were never you know explicitly adopted by the district court to suggest what do you mean not wait what do you mean not explicitly adopted didn't the district court say i adopt the psr well i believe the court said it was adopting the guidelines calculations in the psr and so you're well i mean the guidelines calculations is different from like the factual paragraphs that we well actually on that front then can i well if we're gonna we're gonna talk about what people said at the sentencing hearing what do i do with the fact that avia's counsel at the sentencing hearing said to the extent i have objections they don't impact the guidelines range because now it sounds like you're trying to assert that these these objections do in fact the guidelines range this is at ja 28 at the sentencing hearing i i understand the council to have said that the objections to the psr's statement of relevant conduct do not affect the guidelines range well in in a sense that well i don't think it matters right because we're saying what but this whole argument is about the guidelines range no no i mean i'm sorry i don't think it matters in the sense whether or not a particular paragraph was adopted because that did i explain no no i'm not asking about the adopted i'm sorry i pivoted to a different question what do i do with the fact that at the sentencing hearing defense counsel said yes we have some objections to the psr those objections i think this is a quote do the objections to the psr statement of relevant conduct do not affect the guidelines do not quote impact the guidelines range well i don't think that's a fair interpretation of the reading because defense counsel goes on for another six pages to argue why the cross reference doesn't apply so the so be the range before the cross so that's how we should put okay so um so again so here there was no finding by the district court that any minor created the videos at d's direction so that knocks out the causing aspect of the cross reference for circumstances there's no suggestion there was any transporting permitting here although the government has argued it qualifies you know i think it's pretty clear it doesn't based on the canon of consistent usage because here it's cross-referencing to a guideline that's specific to custodian or custodial authority over the minor as well as the statute itself 2251 b limits you know criminal liability for this permissive action to ones with custodial authority and then going on to the not offering or seeking by notice or advertisement now here we're asking this court to agree with the 11th circuit's decision in canon that the by notice or advertisement provision excludes private one-on-one communications like those mr avia engaged in in here and we think three statutory principles support this construction first under the canon that a term should be known by the company it keeps notice should take on a public connotation given its presence alongside advertisement second the rule against surplusage prevents this court from reading notice it to its broadest extent of simply conveying any information so i got to notice in the advertisement the connection you're making but the government is relying on the causing prong not to notice an advertisement correct so i mean our position is the cross reference the cross reference doesn't apply because the the court's rulings wrong it doesn't fit into any of the four circumstances i think you can focus on that causing one okay i mean we could we you know we did argue and point out that the government has waived that argument so i'm happy to leave it at that um but that said we do think the 11th circuit got it right and notice or advertisements could should exclude private one-on-one communication but again in creation and something i want to point out that probably wasn't clear in the briefs but i think it's pretty you know um telling as to what happened in this case now if you look at paragraph 32 at ja 136 that's the initial draft psr in this case when the probation officer said the cross reference you know applies here and quote because the offense involved causing a minor to engage in sexually explicit conduct right and so then the defense objected submitted our additional evidence showing like hey hey hey we have other evidence showing that these minors you know were creating these videos and distributing to other people and as well as you know some of the text communications present a real you know a real suggestion that these minors the the videos mr abia received were created before the communications in that case so after those objections came out what the final psr did was it took out that causation finding in the initial psr and said paragraph 37 at ja 222 said a cross reference quote must be evaluated and then simply quotes the language of the cross reference so and that's why the government's reliance on the statement of reasons adopting the psr you know subject to its rulings that the sentencing doesn't help the government here because the psr did court adopt that psr was it during the sentencing hearing or after so well uh my position is he adopted excuse me the district court adopted the guidelines calculation from the psr and then adopted the psr findings beyond the guidelines calculation after sentencing in the statement of reasons because he definitely did that right j 220 the district court checks a box that says i adopt the psr subject to the following changes yeah which would include the factual the factual parts of the psr right i mean i think again it doesn't really i mean we've talked about it and i don't think it determines it but you know the ruling is it's the oral pronouncement at sentencing um this is rogers and stuff i mean it's the sentence is what the district court says it's sentencing that would be a further extension to say the district court can't adopt findings in its written order well no but i think 18 usc 35 53 c which requires an on-the-record explanation for sentencing would kind of implicate that so um going back to the causation so here you know the fact that the court's finding itself if you look at ja40 says nothing about causation in fact it it says the offering of money for specific conduct so it is that precursor step to any creation and you know that offering money for specific conduct does not equal causation right i mean if i go to an artist booth at a craft fair and pay 20 for a cat picture that in no way establishes if that cat picture was made as i was standing there or if it was made before the fact and so based on that we think the the cross-reference here was erroneously applied and i guess i'll just quickly address the question of review because the government has posited that this should be reviewed for clear air um we disagree with that this is subject to de novo review it's a legal question as to whether or not the court's finding offering money for specific conduct falls outside or inside the boundaries we have no dispute we agree so that's a dispute because that's a dispute about what the guideline means right that whether whether offering money for specific conduct without more whether that satisfies the guideline that is a so we we we absolutely agree that mr ravia offered money for specific conduct the question is whether or not that that finding can support the cross-reference and you know as we laid out it doesn't fall into any of the four circumstances enumerated therefore it was error for the district court to apply that cross-reference and as a result we're asking this court to vacate the and send it back for re-sentencing with instructions not to apply the cross-reference wait wait what why would that be the remedy the remedy is the district court didn't do a good enough job explaining why it did the remedy is to instruct it that it can't do it why isn't the remedy to say do it again do it right well because the i mean the district because finding the district court may doesn't support the cross-reference and so i don't think it's so i think you know there's no reason to send it back and and wholesale do it over again i mean well hold on but you you said we don't need to reach the by announcement because the government has waived it on appeal but if we send it back for re-sentencing the government has not waived it before re-sentencing right let's let's say hypothetically one were to be inclined to be of the view i mean you've cited the 11th circuit's decision but of course there is a circuit split on that precise question and the sixth circuit has an opinion saying with all respect to the 11th you're totally wrong about that um and we haven't answered that question right correct your honor and so i mean i can't i can't give you an authority saying you know you cannot send it back for you know further reconsideration well doesn't that seem important because isn't the normal remedy for a procedural sentencing error to say try again that that is the remedy we impose for procedural sentencing errors no not necessarily i mean if the legal error is the cross-reference applies because of x but it doesn't i don't see why that then opens the can of worms to you know re-evaluate it really we it just feels like we vacate district court decisions all the time and says the reason that you did what you did is not valid consider again whether you can do the same thing for a different reason that is routine in appellate review all the time not not you can't do what you did right your i see my time that has allowed me i just answered the question um so i agree that this court does that all the time i would say this court also all the time has cases where it says the government doesn't get a second bite at the apple right we they have had their opportunity presented their evidence it wasn't enough evidence to show causation given the unique facts of this case and so in align with that you know that's our requested remedy thank you thank you miss baldwin mr enright thank you your honor may it please the court anthony enright for the united states the district court properly applied the child pornography production cross-reference because a via paused a 15 year old boy to make and send sexually explicit videos of himself with his offer for an ultimately payment so mr enright can i ask your friend on the other side what i viewed as the problem for them let me identify what i think is the big problem for you certainly i'm looking at j40 and that is not what the district court said the district court said he said i'm going to overrule the objection that doesn't really anything he then quotes the guidelines fine and then he says this is on j40 transitioning to 20 to 40 so there's this whole debate did he cause it did he not no matter else we can say the parties at the at the sentencing hearing are disagreeing at the sentencing hearing yes and i read why the district court does what he does and he doesn't say i agree with the government that he made these videos in response to the defendant's request he sort of quotes the it sounds like the original draft psr maybe the language of the commentary and he i think the most natural interpretation of what the district court says is i don't have to resolve that because what really the only sentence the court gives to explain why it's doing what it's doing this is the conduct involved in the factual basis that there is money offered for specific conduct that meets the elements of the cross reference that is the sum total of what the district court says and it sounds to me like what the district court is saying is offering money for conduct is enough doesn't matter if the videos were made in response to this defendant's request and that strikes me as different than saying i find as a matter of fact these videos were in fact made in response so i have a few responses to that i think the first is that that's i disagree with that interpretation of the language because first the court does quote verbatim the entire standard and then says it does appear to the court that this presumably the referent is the whole standard is exactly the offense conduct involved in the factual basis and then second he says that there was money offered not for specific conduct the end but specific conduct that meets the elements of the cross reference so the idea is causation is one of those elements i'm sorry i didn't mean no no please i'm sorry um we can all agree it would have been better if the district court had just said the words i find the videos were made in response to the defense request we all agree we'd have a much easier case if the court had said that absolutely your honor but there's a rule for how this court scrutinizes the district court in united states versus gross it didn't make it up most recently you presume the court knows and applies the law unless it explicitly says here's the standard it deviates from what this court has said or what the standard is and i'm applying that well but okay this is an explanation can i take a step back the so the the question i asked your friend on the other side you agree with me there's a question the question is as follows is this guideline satisfied simply by offering money in exchange for specific conduct without any showing of anything else is the guideline satisfied simply by that do you agree with me the question of whether that satisfies this guideline is a legal question reviewed de novo that's probably correct like whether that's a correct formulation of the law yes the interpretation of the guideline where its boundaries and do you further agree with me that it appears that among other things the parties before the district court were disputing what the proper interpretation of the law was with the government arguing look just so i mean there's language in the government's filings i think there's language in the draft psr there's honestly even some language in the guidelines commentary that suggests that mere solicitation is enough that's all you need right there was there was atmospheric arguments being made about that right i i agree that that's in the commentary to an extent but we argued pretty specifically as did the other side this is about causing right before this on page 40 we what's our argument by coercing and enticing with the money he caused g that's using the reference talking about the guidelines those are ways of causing caused g to make the videos and send the videos to him that was our argument but to answer judge um so this question regarding the offering of the money is would that fit on the offering part of the uh the which you not bring into us that's true your honor i think if there's a fair argument that you can seek by notice to have somebody provided a engage in sexually explicit conduct for the purpose of producing a visual depiction this is literally the sixth circuit's holding yeah the sixth circuit and the ninth circuit and the seventh circuit and the tenth circuit but i didn't raise that argument i'll be very candid about that but so you're not an auger then today i'm not your honor okay i will happy to answer any questions this court may have about it but that's not our argument our argument is that it was caused our argument below was that it was causation and the court even clarified with the defense the defense said i think on page but the government did argue that other provision below you're just you didn't argue i just want clarifying the record the government at various points below did it ever not exactly we argued that an attempt would satisfy the requirement and i have not repeated that okay thank you um but and we did that in papers and then in the in the um in the district court we we told it was causation and the court clarified i'm trying to find wrote it down but now my eyes are not letting me focus on this unfortunately but the defendant also had an exchange with the court where the court said and so you're you're arguing that there wasn't causation here he said yes that was the question before the court nobody argued a different interpretation of the guideline okay so go back to causation then can i ask you is it possible to cause something that has already happened can can x sorry can can y cause x if x has already happened before y generally not your honor right so factually if as a factual matter this all of these videos existed before the defendant's request the defendant's request could not have caused them right i think that's correct your honor but there's plenty of evidence plenty no answer that's but that's a separate question that's a step but we agree that if yes there's no cause if he sent a video that he made in the past in response to his request to make a video for me but the fact that that was the request that was the nature of the request and he even expressed in the the parts of the record my friend cited which were our filings not in the pre-sentence report the victim even expressed physical pain at the kind of sexual act he was asked to engage in right then and they even have a conversation about when they agree on what the conduct will be he says well i i should i should ask permission can i can i discuss sealed parts of the appendix i believe i don't have an objection to that um but i want to make sure because we have had a little bit of a back and forth on that well i mean i don't think we ruled on that motion we did file a motion last week i don't think we've seen a ruling but that's why i want to just get the court's permission i won't be gratuitous at all if i if well i mean i don't know it's for the nature of just because of graphic language you want to use or because of this issue here in terms of whether or not there was causation the only reason i ask is because this part was formally sealed it's in the it's in the second volume we know as a court we honor sealed documents that come up from the district court yes your honor and you noticed judge heiden did this morning he did the same thing in his questioning he was very cautious to do so and if we are and i assume that you ought to think that you have to do so too and therefore you don't think you would absolutely your honor i'm not going to reveal the victim's names i just want to reveal one piece of language the parties exchanged that i think sheds light on uh the answer to the court's question which is what kind of evidence shows causation specifically that this video is made in response to a request from the defendant i don't have to but i think yes look could you could you tell me what paragraph you're referring to so that i can find the information you would like referring to let us read it page page 50 155 of the joint appendix it's uh the top grid and it's the exchange that occurred at 22 20 and 22 21 155 155 now that's part of our brief but my friend has relied on that part of our brief as evidence that we it would be physically impossible for him to have made the video they actually make an agreement that i think a reasonable finder of fact could say was you're going to engage in this conduct right now then three minutes approximately pass and he and the victim expresses pain associated with the kind of conduct he uh was asked to engage in and then he sends the video and he acknowledges the video praises it and asks him about hey next time would you maybe film it differently that's evidence from which a reasonable trier of fact could find that he made the video and engaged in sexually explicit conduct in response to an offer for money and that avila cost that conduct but just to identify where this is still this is an argument that the district court could have made that finding which is separate from the question of whether the district court actually made that finding that's correct okay this is the clear error standard well no no no no the question of whether a district court made a finding is not such a clear error i agree with that your honor but if the court if this court agrees that the court made a sufficient yes sure then then this establishes that it was not clearly erroneous yeah but under gross your honor this court doesn't require the the court to set out you know either recite the standard although the court did that the court recited the standard and said this conduct meets that standard he went beyond what this court requires what gross says is that the district courts presume to know and apply the law he has to give you a much better reason than i think he did is that true when the law is disputed i don't think there was any dispute about the law well okay separate questions again two questions i'm sorry perhaps not it just seems weird that we would presume it i i know you're saying this isn't this case but it would seem to me bizarre to say that in a case where the parties are fighting over what the relevant legal standard is we presume that the district court got the right answer whatever the answer happens to be yes your honor well it's it's not a conclusive presumption i think that would be evidence that might overcome their presumption there was a dispute about the standard court ruled for one versus the other sure presumably the court ruled for one because that was something the court had well no the reason again the reason i say it is i and i'm not sure it's the only one but when i read what the district court no at some point we're just talking about how we interpret what the district court judge said i think to me the most natural way to read what the district court says at j40 is wow that's a hard question i don't need to resolve it because i find that soliciting is good enough and we definitely have soliciting here i like that's a hard question let's not get into it there's disputes about what people are fighting about but fortunately i mean courts do this all the time and i'm sure i've done it too which is like wow there's some really hard questions but fortunately i don't have to resolve them because i can just decide this case on another basis your honor i guess i did what i'm missing is the language of wow this is hard or i disagree with something since there wasn't a dispute about what cause means and it wasn't a dispute as as i think your your honor's question revealed there wasn't a dispute about what the quotes from the chats were or a dispute about what the victim said to the fbi agents what my friend argued below was well there's all he engaged in this kind of conduct with other people and he sent videos to other people and the court addressed that and said i don't i don't really see how that affects it but i understand it to be caused i think it's i don't think it's appropriate to interpret the court as saying i'm going to make this legal finding that nobody really joined especially when he says this conduct meets the elements of the cross-reference because it does that's an accurate statement if he if he is going to what conduct did he says the conduct that the the the the in the pre-sentence report in the factual basis the conduct in the factual basis it does appear to this court that this is exactly the offense conduct involved in the effectual basis and it says that right after it recites the entire guideline practically verbatim on page 40 of the joint appendix when the court said i think it was read a part of it said it doesn't matter that you made this for other people yes is that the court was saying that this is about solicitation what you did but the fact that he made it for someone else for example is important in this case isn't it i don't think so your honor i mean this evidence that this was going on apart from it right i don't think i think it would matter if he made if he had a library of child pornography that he was sending to people upon request but here we have very explicit evidence including the evidence we had just had a discussion about that he made this at least this one particular video well you mentioned that because you so there were two victims but on appeal you pretty conspicuously drop one of the two victims and at least because with regard to that victim it certainly seems like there is evidence in the record that may suggest this library account which is like that with regard to this other victim that victim was maybe sending things that already existed yeah we're not arguing that that jay's conduct alone would establish except before the district court you were relying on jay you weren't just rely like on appeal you're only relying on one of them but before the district court weren't you relying on both of them that may be correct i may have missed something but i think your honor we were focused with jay on some of the other objections so we talked about them together but i think our main position when we say it right on page right on page 40 um the the g oh i agree right before the court rules the government right before the court rules the government's talking about g i agree i'm honestly a little bit fuzzy on everything we said it's possible we did say something like that but i certainly agree the ending of the ending of the government's argument is all about g i'm looking yes i mean i'm making that point here today g supports that i think there's a there's a february conversation that's very similar they discussed making specific videos and engaging in very specific conduct says and i can do this i'll do that okay well that's good that's not one of the charged ones but it's certainly relevant conduct it's in preparation it's part it's part of the same course of conduct but i think the strongest is that that april 22nd conversation where they talk about making and and that is enough for a reasonable fact finder to find well he didn't just pull from a library of pre-made videos okay so now you've drawn my attention to what the government says right before the district court ruled and it doesn't strike me that it helps you because the court the government in the penultimate paragraph right before the district court rules this is the government's rebuttal this is the instant before the district rules i think the word cause can include pretty much every one of the verbs that's included in 12 21 51 um i think that's just dead wrong as a matter of statutory interpretation so if the defendant caused them to make the child pornography i'm not that i'm not sure what that means and send it by enticing them coercing them persuading them and then i look at this paragraph about g and it says again the defendant the chats are clear that this defendant wanted videos of certain conduct and offered to pay and did pay g for the videos that doesn't prove that none of that is saying the evidence shows that g made the videos in response to that request none of that and they got so the very last words the government says to the district court before the district court rules are again at least amenable to me to the interpretation it doesn't matter whether the videos were made in response to the request well except we said by coercing and enticing you the way he caused g to make and send the video but now we're just debating what cause means and i agree like there's this language well i mean candidly i i don't think i don't know if we have but there's language for example in the commentary that said construe isn't the word soliciting in the commentary i think it is i have the book but i don't remember um but it does say construed broadly and what is in the commentary is a repeat of the of the of the main guideline language but then it adds a whole bunch of verbs that aren't in the main guidelines yes but your honor those all you know you i guess there's a statutory interpretation question can you can you seek can you persuade can you coerce if they don't do it just saying it that's not what we are arguing at any point our argument was he may have maybe he saw it maybe he coerced maybe he cajoled maybe he enticed maybe he did this but ultimately he caused it because whatever verb you use it it convinced him to make the video convinced him to make the video that's the key word where you in in what in our argument i think is make it caused g to make the videos which we i think pretty clearly i mean i suppose your honor you're you know your honor's your honor but i i would be very surprised if anyone in our office thought we weren't making that point especially in the light of what i think was the strength of the evidence here um i i do want to address you know the point about about the objections just just i mean i think we've talked about it enough but i want to emphasize at the end of the sentencing hearing i think we made clear to the court that the the victims had decided not to be too cooperative with us we obviously could have if we wanted to you know force the victims to appear and you know using a compulsory process but they are victims we generally don't do that we we're here there's no dispute about what they said um that's not something we would have been likely to do so there's a good reason why we relied on the fact that the defense didn't say no this exchange this account of the exchange doesn't accurately capture what was said so i think and court did on page 250 adopt the pre-sentence report subject to only saying i overruled the objections so the court made that finding and then it's in the pre-sentence report where the court says where the probation officer concluded he engaged in conduct that met the standard so i obviously disagree about what it is but i think especially in light of gross this court can determine that the court made a finding that it can affirm if this court disagrees though to another point you made the remedy would be if if this court believes that the court applied the wrong standard or misinterpreted the guideline the remedy would be to send it back so the district court could apply the guideline correctly or apply the correct standard unless this court finds there's a clear error that the evidence doesn't support the finding there would be no reason to take that authority away from the district court so i see my time is almost up if the court has no further questions i'll yield the rather paltry amount i have of time back to the court thank thank you your honor miss baldwin and you have some rebuttal time thank you your honors so i'll just start with um the commentary does not include the word prohibits uh substantive violations as well as attempts and an attempted violation of 22 51a would be the guidelines would be calculated under 2x 1.1 which as it just so happens would be mr abia's guideline calculations without the cross reference to the production guideline that's not here because the government has not made the arguments that it made in the district court below that an attempted uh creation of child pornography should qualify for the production cross-reference um and i think there is a pretty difficult and persuasive stints an argument that the commentary note does not deserve controlling weight or deference because it broadens the guideline language itself as well as i think there is a parroting problem and now just going on to the standard of review here um gross does not help the government in this case in fact it helps us because what this court found in the gross case was it rejected that there was any legal error so what the court said was if the district court applied the correct legal standard then the finding that the enhancement applied is reviewed for clear error and then it rule of application to trigger a crop to trigger a guidelines enhancement and this court found that that general rule of application was legally erroneous and that was reviewed for de novo review and that is exactly what we have here where the district court's finding that well but there was a dispute about legal error and gross i'm looking at 721 it's had notes four and five gross further contends the district court did not apply the correct legal standard because it did not explicitly reference the guidelines commentary that sets up three categories of serious bodily injury gross tried to argue that was a legal error right right but it was rejected so i don't i don't think there well we said because we're not going to assume the district court was unaware of the three categories just because the district court didn't reference the three categories right so i but i'm saying i don't think so i don't think because so here if the if the court disagrees with us and thinks an offer of money for specific conduct satisfies the cross reference yeah it's clearly erroneous and you know and so we we did make an argument that it doesn't satisfy clearly erroneous give it all the contrary evidence in the record which the district court's one paragraph ruling would not acknowledge and otherwise address which is a basis to find a factual finding clearly erroneous under this uh court's wooden decision but as i think judge heidens pointed out the record doesn't support that the district court made that finding if you rule that if you read the district court's ruling at j840 the district court did not find causation i think it went out of its way to not find causation and instead said i'm doing the offering of money and that doesn't satisfy but even if there were some questions as to whether or not what the district court's findings were on that point you don't assume a finding that was not made at that point you know i think the the district court's fact finding was deficient to frustrate this court's review and the response should be to send it back to make those findings so that we can make an argument that those findings were clearly erroneous because we think there is an argument here that it would be clearly erroneous to find the evidence satisfied the cross reference so that's an alternative remedy because on first you said we should tell the district court you can't do this but now and which makes total sense you're arguing an alternative first we should tell the district court i can't do it in the alternative we should say do it again is there so with that said um the district court's finding that the offer of money for specific conduct to apply the production cross reference was error and we've asked this court to reverse the sentence vacated and remand for resentencing there are no further questions i will question thank you so much council appreciate you
judges: Roger L. Gregory, James Andrew Wynn, Toby J. Heytens